UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOUCHARD TRANSPORTATION CO., INC., TUG DONNA J. BOUCHARD CORP. and B. NO. 272 CORP. | * * | CIVIL ACTION NO. 20-1116 |
| VERSUS | * | SECTION |
| DEPARTMENT OF HOMELAND SECURITY, ADMIRAL JOHN P. NADEAU, CAPTAIN KRISTI M. LUTTRELL, ES&H OF DALLAS, L.L.C., YELLOW FIN MARINE SERVICES LLC, YELLOW FIN MARINE CONSULTANTS, L.L.C. and FOURCHON SHOREBASE, L.L.C. | * * * * | JUDGE MAG |

\* \* \* \* \* \* \* \*

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, REQUEST FOR INJUNCTIVE RELIEF AND WRIT OF MANDAMUS

**NOW INTO COURT**, through their undersigned counsel, come Plaintiffs, Tug DONNA J. BOUCHARD Corp., as the owner of the M/V DONNA J. BOUCHARD, and B. No. 272 Corp., as the owner of the Barge B. No. 272 (collectively, Vessel Owners") and Bouchard Transportation Co., Inc., ("Bouchard"), to hereby file this Complaint for Declaratory Judgment, per 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Request for Injunctive Relief, per 28 U.S.C. § 1651 and Fed. R. Civ. P. 65, and a Writ of Mandamus, per to 28 U.S.C. § 1651 and 28. U.S.C. § 1361, and as provided by the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* (the "APA"), and in support thereof state as follows:

## PARTIES

1. Plaintiff Bouchard, on behalf of the owners of various tugs and barges, operates a U.S. flagged fleet of tugs and barges engaged in the transportation of petroleum products to and from various ports throughout the United States. Plaintiff Bouchard is organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

2. Bouchard is the operator of Barge B. No. 272 ("B-272") and M/V DONNA J. BOUCHARD (collectively, "the Vessels").

3. B. No. 272 Corp. owns the B-272, and is organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

4. Tug DONNA J. BOUCHARD Corp. owns the M/V DONNA J. BOUCHARD, and is organized and existing under the laws of the State of New York with its principal place of business in the State of New York.

5. Defendant, the Department of Homeland Security ("DHS") is a federal agency as referenced in the APA.

6. Defendant, Rear Admiral John P. Nadeau is a United States Coast Guard ("USCG") Rear Admiral, and Commander of the Eighth Coast Guard District. The USCG is a military branch and federal agency within DHS.

7. Defendant, Captain Kristi M. Luttrell, is a Coast Guard Captain and Captain of the Port New Orleans.

8. Defendant, Yellow Fin Marine Services LLC, is a Louisiana limited liability company domiciled in Slaughter, Louisiana.

9.  Defendant, Yellow Fin Marine Consulting LLC, is a Louisiana limited liability company domiciled in Houma, Louisiana.

10. Defendant, Fourchon Shorebase LLC, is a Louisiana limited liability company domiciled in Amelia, Louisiana.

11. Defendant, ES&H of Dallas, L.L.C., is a Louisiana limited liability company domiciled in Houma, Louisiana.

12. Defendants, Yellow Fin Marine Services LLC, Yellow Fin Marine Consulting LLC, Fourchon Shorebase LLC, and E S & H of Dallas, Inc., are sometimes collectively referred to hereinafter as the "Yellow Fin Defendants."

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2), 5 U.S.C. §§ 701-705, 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 2201.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(A)&(B).

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## BACKGROUND

16. On 14 February 2020, the B-272 and M/V DONNA J. BOUCHARD were anchored at Nine Mile Anchorage at Mile 83 Above Head of Passes on the Lower Mississippi River, below the Port of New Orleans.

17. On 14 February 2020, Capt. Luttrell issued an Administrative Order, Order 20-002, requiring the Plaintiffs to propose a course of action to eliminate the purported threat of pollution posed by the Vessels. This Administrative Order was based on Capt.

Luttrell's determination that the Vessels posed a substantial threat to the environment due to insufficient manning, the potential for further crew departures due to lack of pay, a malfunctioning emergency electrical system on the M/V DONNA J. BOUCHARD, and the hazards inherent in anchoring in the Mississippi River. (Exhibit A, Capt. Luttrell letter dated 27 February 2020).

18.     After the USCG did not receive responses to the Administrative Order in the required timeframe, Capt. Luttrell issued a Notice of Federal Assumption on 14 February 2020, indicating that effective at 1330 hours that day, 14 February 2020, the United States Government assumed response activities under the authority of Section 311(c)(1) of the Federal Water Pollution Control Act. (Exhibit B, Notice of Federal Assumption dated 14 February 2020).

19.     Under this authority, the USCG hired a contractor, ES&H of Dallas, L.L.C. to move and store the M/V DONNA J. BOUCHARD and B-272. ES&H subcontracted the movement and storage of the M/V DONNA J. BOUCHARD and B-272 to Yellow Fin Marine Services LLC, Yellow Fin Marine Construction, LLC and/or Fourchon Shorebase, LLC. On 24 and 25 February 2020, the Yellow Fin Defendants moved the M/V DONNA J. BOUCHARD and B-272 to a safe, secure and remote location the USCG selected at Yellow Fin Marine on Bayou Lafourche in Fourchon, Louisiana.

20.     Plaintiffs subsequently provided the USCG with a valid Certificate of Financial Responsibility, a voyage plan and a plan to adequately man the M/V DONNA J. BOUCHARD with the appropriate crew, and in response, the USCG agreed to work with Bouchard to bring the vessels in compliance. (Exhibit C, 27 March 2020 email). More

specifically, once the M/V DONNA J. BOUCHARD was adequately manned and passed an in-service inspection by the USCG, the USCG agreed that it would allow the release of the M/V DONNA J. BOUCHARD and B-272 from the Federal Assumption. (*Id.*).

21. Though the B-272 and M/V DONNA J. BOUCHARD are presently at a safe and secure location in Port Fourchon that was selected by the USCG to avoid a potential environmental threat, the USCG and its contractors, the Yellow Fin Defendants, refuse to allow Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina to perform necessary repairs and maintenance to satisfy, and ultimately be released from, the USCG's Federal Assumption.

22. Plaintiffs were ready to provide an adequate crew to board the M/V DONNA J. BOUCHARD and B-272, but before Plaintiffs' crew could board the vessels to perform clean-up and maintenance in preparation for the USCG's in-service inspection, the Yellow Fin Defendants required that adequate insurance be obtained to protect them from potential liabilities.

23. Plaintiffs obtained the required insurance as evidenced by the insurance certificates. (Exhibit D). Nevertheless, the Yellow Fin Defendants have refused to allow Plaintiffs' crew to board the vessels until the vessels are released from the Federal Assumption.

24. A stalemate has thus arisen as the USCG will not release the Vessels from the Federal Assumption until they are adequately manned, and the Yellow Fin Defendants will not allow the crew to board the Vessels until after the Vessels are released from the

Federal Assumption. This action by Defendants is preventing Plaintiffs from placing the Vessels back in service.

## COUNT I: REQUEST FOR INJUNCTIVE RELIEF

25. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

26. This is a claim for a writ of injunction pursuant to 28 U.S.C. § 1651 and Fed. R. Civ. P. 65, and as provided for by the APA, 46 U.S.C. § 703.

27. Plaintiffs seek entry of a temporary restraining order, preliminary injunction, and permanent injunction to avoid immediate and irreparable loss, injury, and damage. As set out in Plaintiffs' Emergency Motion for Temporary Restraining Order and Memorandum in Support filed simultaneously with this Complaint, Plaintiffs have shown substantial likelihood of success on the merits, that irreparable injury will be suffered if the relief is not granted, that the threatened injury outweighs the harm the relief would inflict on Defendants, and that entry of the requested injunctive relief will not disserve the public interest.

28. Plaintiffs seek an injunction from this Court enjoining Defendants from refusing to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina in order to prevent irreparable injury to Plaintiffs. The USCG will not release the Vessels from the Federal Assumption until they are adequately manned, and the Yellow Fin Defendants, as contractors of USCG, will not allow the crew to board the Vessels until after the Vessels are released from the Federal Assumption. This action by

Defendants is preventing Plaintiffs from placing the Vessels back in service, causing Plaintiffs immediate and irreparable injury.

29. The Vessels are currently in high demand because of the significantly reduced demand for refined products has created an urgent need by oil refineries to store crude oil and refined products on tanks vessels like Barge B. No. 272 due to the refineries' on-shore tanks being full to capacity. Defendants' actions are preventing Plaintiffs from meeting that demand.

30. Plaintiffs have also been irreparably injured as this maneuvering by the USCG and the Yellow Fin Defendants is being monitored by its customers in a heavily competitive industry such that the damage to Plaintiffs' reputation cannot be measured in damages and Plaintiffs will continue to be irreparably harmed if Defendants continue their refusal to allow the crew aboard in the same arbitrary manner; this harm outweighs any injuries or harm that may result if the injunction is granted.

31. Furthermore, the action of the crew in boarding the Vessels and readying the Vessels for the USCG inspection poses no threat to public health or welfare. To the contrary, the primary reason the USCG assumed control of the vessels was due to its belief that the Vessels were insufficiently manned and thereby posed a substantial risk to the environment and public safety. Allowing Plaintiffs to put their crew onboard is therefor in the interest of the public health and welfare. That is, the injunctive relief Plaintiffs seek here is in the public interest.

32.     As a result of Defendants' actions and violations, Plaintiffs have suffered a legal wrong and have been adversely affected, and will continue to be adversely affected, should these improper restrictions continue.

## COUNT II: REQUEST FOR JUDICIAL REVIEW
## UNDER THE ADMINISTRATIVE PROCEDURE ACT

33.     Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

34.     Under the APA, a district court may "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law[.]" 5 U.S.C. § 706(2).

35.     The USCG's and its contractors' refusal to allow Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina has exceeded the scope of its authority and jurisdiction in violation of Section 311(c)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(c), by, but not limited to, limiting the Plaintiffs' access to the B-272 and M/V DONNA J. BOUCHARD when the vessels no longer present a substantial threat of a discharge of oil or a hazardous substance.

36.     The USCG's actions in limiting the Plaintiffs' access to the B-272 and M/V DONNA J. BOUCHARD have been arbitrary, capricious, and an abuse of discretion,

contrary to the Plaintiffs' constitutional rights, and in excess of the USCG's statutory jurisdiction and authority.

37. Plaintiffs respectfully request this Court, through its authority under 5 U.S.C. §706, hold unlawful and set aside the USCG's actions limiting the Plaintiffs' access to the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina.

### COUNT III: VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS

38. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

39. A cause of action exists against any person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.

40. Under the Fifth Amendment of the U.S. Constitution, no person shall be "be deprived of life, liberty, or property, without due process of law[.]"

41. Capt. Luttrell, in her official capacity, and the Yellow Fin Defendants, in their capacity as contractors for the USCG, intentionally violated Plaintiffs' procedural and substantive rights under § 1983 and the U.S. Constitution.

42. Defendants are depriving Plaintiffs of their property without due process of law by acting arbitrarily, capriciously, and in bad faith by refusing to allow Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD—the Vessel Owners' property—at

9

the Yellow Fin marina to perform necessary repairs and maintenance mandated by the USCG itself.

43. Defendants' actions violate Plaintiffs' procedural and substantive due process rights and deprive Plaintiffs' of their lawful property rights and will continue to do so should these improper restrictions continue.

### COUNT IV: DECLARATORY RELIEF

44. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

45. Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed R. Civ. P. 57, and as provided for by the APA, 5 U.S.C. § 703.

46. Plaintiffs seek this Court's determination that:

   a. Defendants' actions with respect to their refusal to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina are, and were, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

   b. Defendants' actions with respect to their refusal to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina are, and were, contrary to Plaintiffs' constitutional rights and Defendants' constitutional powers or privileges;

  c. Defendants' actions with respect to their refusal to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina are, and were, in excess of their statutory jurisdiction, authority, and/or limitations; and

  d. Defendants' actions with respect to their refusal to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina are, and were, without observation of procedure as required by law.

47. This Court has the authority to grant declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 as an actual controversy exists between the parties as to Defendants' actions and Plaintiffs' rights with respect to Defendants' refusal to allow the Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina to perform the necessary repairs and maintenance mandated by the USCG.

48. Plaintiffs respectfully request this Court enter an Order determining Defendants' actions exceeded the scope of their authority, etc. as specifically outlines above.

## COUNT V: WRIT OF MANDAMUS

49. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

50. Pursuant to 28 U.S.C. § 1361, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency therefor to perform a duty owed to the plaintiff."

51. The purpose of 28 U.S.C. § 1361 is to prevent federal officials from acting outside the permissible scope of their discretion, and it seeks to prevent such abuse by giving federal courts the authority to compel federal officials to perform acts required of them or, conversely, to refrain from acts which they are not authorized to perform.

52. Here, Defendants are willfully failing to abide by the provisions of Section 311(c)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(c)(1), and the Notice of Federal Assumption of 14 February 2020, which limits the USCG to "effective and immediate removal of a discharge, and mitigation or prevention of a substantial threat of a discharge, of oil or a hazardous substance." The USCG moved the B-272 and M/V DONNA J. BOUCHARD on February 24 and 25, 2020 to a safe, secure and remote location the USCG selected at Yellow Fin Marine on Bayou Lafourche in Fourchon, Louisiana.

53. The USCG has advised the Plaintiffs that to satisfy the Federal Assumption and have the vessels released from federal authority, Plaintiffs need a crew aboard the B-272 and M/V DONNA J. BOUCHARD to perform maintenance and repairs and get the vessels running again. However, despite no substantial threat of a discharge of oil or a hazardous substance and acting arbitrarily, capriciously, and in bad faith, the USCG and its contractors, the Yellow Fin Defendants, refuse to allow Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina to perform the mandated repairs and maintenance.

54. Plaintiffs have a clear right to relief that is sought in this Complaint, and there is no other adequate remedy available to Plaintiffs.

55. Plaintiffs respectfully request this Court enter a Writ of Mandamus compelling Defendants to immediately allow Plaintiffs' crew to board the B-272 and M/V DONNA J. BOUCHARD at the Yellow Fin marina on Bayou Lafourche in Fourchon, Louisiana to make necessary repairs and maintenance pursuant to the USCG's Federal Assumption.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Tug DONNA J. BOUCHARD Corp., B. No. 272 Corp., and Bouchard Transportation Co., Inc., respectfully request that this Court:

a. Enter a temporary restraining order, preliminary injunction, and permanent injunction against Defendants as requested herein;

b. Hold unlawful and set aside Defendants' actions under the Administrative Procedure Act as requested herein;

c. Enter judgment against Defendants for violating Plaintiffs' procedural and substantive due process rights;

d. Enter a declaratory judgment against Defendants as requested herein;

e. Enter a writ of mandamus against Defendants as requested herein; and

f. All such other relief at law and equity as this Court deems appropriate.

        Respectfully submitted,
        MURPHY, ROGERS, SLOSS,
         GAMBEL & TOMPKINS

        */s/ Robert H. Murphy*
        _____
        Robert H. Murphy (#9850)
        rmurphy@mrsnola.com
        Peter B. Sloss (#17142)
        psloss@mrsnola.com
        Timothy D. DePaula (#31699)
        tdepaula@mrsnola.com
        701 Poydras Street
        Suite 400, Hancock Whitney Center
        New Orleans, LA   70139
        Telephone:  (504) 523-0400
        Facsimile:  (504) 523-5574
        *Attorneys for Tug Donna J. Bouchard Corp., as owner of the M/V DONNA J. BOUCHARD, B. No. 272 Corp., as owner of the Barge B. No. 272, and Bouchard Transportation Co., Inc.,*

**PLEASE ISSUE SUMMONS TO:**
**Department of Homeland Security**
Office of the General Counsel
United States Department of Homeland Security
Washington, DC, 20258
Pursuant to Federal Rule of Civil Procedure 4(i), a copy of the summons and of this complaint will also be sent by registered or certified mail to the United States Attorney's Office for the Eastern District of Louisiana at 650 Poydras Street, Suite 1600, New Orleans, Louisiana 70130, and to the Attorney General's Office at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

**Rear Admiral John P. Nadeau**
Commander Eighth Coast Guard District
500 Poydras Street
New Orleans, LA 70130
    and
Office of the General Counsel
United States Department of Homeland Security
Washington, DC, 20258

14

Pursuant to Federal Rule of Civil Procedure 4(i), a copy of the summons and of this complaint will also be sent by registered or certified mail to the United States Attorney's Office for the Eastern District of Louisiana at 650 Poydras Street, Suite 1600, New Orleans, Louisiana 70130, and to the Attorney General's Office at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

**Captain Kristi M. Luttrell**
U.S. Coast Guard Sector New Orleans
200 Hendee St.
New Orleans, LA 70114
    and
Office of the General Counsel
United States Department of Homeland Security
Washington, DC, 20258
Pursuant to Federal Rule of Civil Procedure 4(i), a copy of the summons and of this complaint will also be sent by registered or certified mail to the United States Attorney's Office for the Eastern District of Louisiana at 650 Poydras Street, Suite 1600, New Orleans, Louisiana 70130, and to the Attorney General's Office at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

**Yellow Fin Marine Services LLC**
Through its registered agent for service of process:
Michael R. Bailey, Jr.
2043 Coteau Road
Houma, LA 70364

**Yellow Fin Marine Consulting LLC**
Through its registered agent for service of process:
Barry J. Dufrene
300 Everett St.
Morgan City, LA 70381

**Fourchon Shorebase LLC**
Through its registered agent for service of process:
Glynn Haines
3820 Lake Palourde Rd.
Amelia, LA 70340

**ES&H of Dallas, L.L.C.**
Through its registered agent for service of process:
Mike Hollander
70325 Highway 1077, Suite 300
Covington, LA 70433

11685844

4811-6021-1641, v. 1