# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOUCHARD TRANSPORTATION CO., INC., ET AL.,**<br>    Plaintiffs | **CIVIL DOCKET** |
| **VERSUS** | **NO. 20-1116** |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL.,**<br>    Defendants | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is an emergency motion for a temporary restraining order filed by Plaintiffs B. No. 272 Corp., Bouchard Transportation Co., Inc., and Tug Donna J. Bouchard Corp.[1] Plaintiffs seek "a temporary restraining order to enjoin the Defendants from prohibiting Plaintiffs' crew from manning the M/V DONNA J. BOUCHARD and Barge B. NO. 272 (the "Vessels") in order to prepare the Vessels for a United States Coast Guard ("USCG") inspection, a necessary step for the release of the Vessels from Federal Assumption."[2] Plaintiffs contend "[a] stalemate has arisen, as the Coast Guard will not release the Vessels from the Federal Assumption until they are adequately manned and pass inspection, and [the Coast Guard's contractors] will not allow the crew to board the Vessels until after the Vessels are released from the Federal Assumption."[3]

Federal Rule of Civil Procedure 65(b) permits a court to issue a temporary restraining order without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[1] R. Doc. 2.
[2] R. Doc. 2-1 at 1.
[3] *Id.* at 4.

1

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[4]

There are four pre-requisites for granting a temporary restraining order:

'(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.'[5]

The movant bears the burden of satisfying these prerequisites.[6] Although the grant or denial of a temporary restraining order rests in the discretion of the trial court,[7] the Fifth Circuit has cautioned that a temporary restraining order is "an extraordinary remedy" which "should only be granted if the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements."[8] "As a result, '[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule.'"[9] "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria."[10]

Plaintiffs, as movants, have not demonstrated a substantial threat of an immediate irreparable injury if the injunction is not issued. Plaintiffs argue Defendants' actions have created a substantial threat of irreparable injury for three primary reasons. First, Plaintiffs argue, "Defendants are depriving Plaintiffs of their property without due process of law."[11] To support their position that this constitutes a per se irreparable injury,

---

[4] Fed. R. Civ. P. 65(b).
[5] *Liggins v. King*, No. CIV.A. 208CV227KSMTP, 2008 WL 4937820, at *1 (S.D. Miss. Nov. 14, 2008) (citing *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[6] *Id.* (citing *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).
[7] *Id.* (citing *Canal Auth. of State of Florida*, 489 F.2d at 572).
[8] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).
[9] *Id.* at 363-64 (quoting *Miss. Power & Light*, 760 F.2d at 621).
[10] *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).
[11] R. Doc. 2-1 at 6.

Plaintiffs point to a case from the Middle District of Louisiana holding that "[i]t has been repeatedly recognized by the federal courts that violation of constitutional rights constitutes irreparable injury as a matter of law."[12] However, as another section of this Court held in *Lambert v. Board of Commissioners of Orleans Levee District*, "although some cases contain language to suggest that the alleged violation of a constitutional right always establishes irreparable harm, plaintiffs have not pointed the Court to any binding authority that would require such a holding, and the Court finds that such a categorical approach to the irreparable harm question is inappropriate."[13] "Moreover, many of the courts that have stated that a constitutional violation necessarily creates irreparable harm," such as the case from the Middle District of Louisiana relied upon by Plaintiffs, "have based that conclusion on the Supreme Court's statement in *Elrod v. Burns*, 427 U.S. 347 (1976), that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'"[14] "That the nature of certain constitutional violations, such as violations of the freedoms of speech and privacy, is such that they necessarily cause irreparable harm does not, however, establish that any alleged constitutional violation does so."[15] Significantly, "an alleged due process violation does not, without more, establish a threat of irreparable injury."[16] In *Lambert*, the court

---

[12] *Springtree Apts., ALPIC v. Livingston Parish Council*, 207 F. Supp. 2d 507, 515 (M.D. La. 2001) (citing *Elrod v. Burns*, 427 U.S. 347 (1976)).
[13] *Lambert v. Board of Commissioners of Orleans Levee District*, Civil Action NO: 05-5931, 2006 WL 8456316, at *7 (E.D. La. Mar. 22, 2006). *See id.* ("A number of courts have expressly declined to find that the irreparable harm requirement for injunctive relief is automatically satisfied by a plaintiff's allegation that his constitutional rights have been violated. *See, e.g., Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) ("[T]he assertion of First Amendment rights does not automatically require a finding of irreparable injury."); *Pub. Serv. Co. of N.H. v. Town of West Newbury*, 835 F.2d 380, 382 (1st Cir. 1987) (rejecting argument that alleged violation of constitutional rights automatically establishes threat of irreparable injury).").
[14] *Id.*
[15] *Id.*
[16] *Id.* (citing *Pub Serv. Co. of N.H.*, 835 F.2d at 382).

3

rejected the plaintiffs' argument that "the defendants' due process violations create a risk of harm in the form of additional physical damage and loss to the plaintiffs' vessels," explaining that "such physical damage, if proven, is readily capable of being compensated by an award of monetary damages," and, "[a]ccordingly, plaintiffs' assertion that their due process rights have been violated does not, without more, show a likelihood of irreparable harm."[17] Likewise, in this case, Plaintiffs' allegation that Defendants' actions of "refusing to allow Plaintiffs' crew to board the M/V DONNA J. BOUCHARD and Barge B. No. 272—both Plaintiffs' property—to perform necessary repairs and maintenance" constitutes a due process violation is, without more, insufficient to demonstrate an irreparable injury.

Second, Plaintiffs argue that, because "Plaintiffs are unable to obtain a release of the Vessels from the Federal Assumption" Plaintiffs are prevented "from returning the Vessels to service and obtaining income from the employment of the Vessels."[18] This argument is misleading. To explain the misleading nature of this argument, the Court briefly discusses the relevant history leading to the Federal Assumption of the Vessels. The Vessels were arrested on December 18, 2019 by a party in a separate case before this Court, *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666.[19] Several other parties subsequently obtained additional warrants of arrest and writs of attachment on the Vessels.[20] Because the Vessels have been seized, the only permitted movement of the Vessels is movement within the Eastern District of Louisiana

---

[17] *Id*.
[18] *Id*. at 6-7.
[19] *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, R. Docs. 8 and 9 (E.D. La. Dec. 18, 2019) (warrants of arrest issued on the Vessels).
[20] *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, R. Docs. 62, 72, and 73. *See also Belle Chasse Marine Transportation, LLC v. Donna J Bouchard M/V et al*, civil action no. 20-525, R. Docs. 9 and 11 (E.D. La. Mar. 16, 2020).

4

to "undergo routine repairs and maintenance."[21] Tug DONNA J. BOUCHARD Corp. was substituted as the custodian of the arrested Vessels on January 15, 2020.[22] However, Plaintiffs lost custody of the Vessels after being given advanced warning and opportunity to address the serious safety and environmental threats posed by the Vessels. Plaintiffs were notified by the Coast Guard on February 6, 2020 and again on February 10, 2020 of the risks posed by the Vessels and informed they needed to take actions to eliminate these risks.[23] The Coast Guard assumed custody of the Vessels on February 14, 2020, after Plaintiffs the Coast Guard notified Plaintiffs of serious safety and environmental risks posed by the Vessels and Plaintiffs failed to take any actions to eliminate these risks.[24]

The Vessels remain under arrest and attached pursuant to warrants of arrest and writs of attachment issued in a separate case before this court, *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, and the only permitted movement of the Vessels is movement to "undergo routine repairs and maintenance."[25] As a result, even if the Court were to grant Plaintiffs' request for a temporary restraining order and the Vessels were to pass the in-service exam necessary to obtain release from the Coast Guard, the Vessels would not be permitted to return to income-generating activities at this time.

Third, Plaintiffs argue they "have also been irreparably injured as this maneuvering by the Coast Guard and its contractors is being monitored by Plaintiffs'

---

[21] *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, R. Doc. 13 (E.D. La. Dec. 18, 2019).
[22] *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, R. Doc. 19 (E.D. La. Jan. 15, 2020).
[23] R. Doc. 2-2 at 1 (Letter from Captain Kristi M. Luttrell of the U.S. Coast Guard, Captain of the Port of New Orleans).
[24] *Id*.
[25] *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666, R. Doc. 13 (E.D. La. Dec. 18, 2019).

customers in a heavily competitive industry such that the damage to Plaintiffs' reputation cannot be measured in damages and Plaintiffs will continue to be irreparably harmed if Defendants continue their refusal to allow the crew aboard in the same arbitrary manner."[26] "While injury to reputation . . . may sometimes satisfy the irreparable injury prong, there is not a per se rule that such harm is always irreparable by a remedy at law . . . [W]ithout more, [the plaintiff] cannot claim irreparable injury."[27] In this case, Plaintiffs have not done more than allege a hypothetical injury to reputation. Further, Plaintiffs do not explain, nor is it readily apparent, how this alleged injury is imminent.

Moreover, Plaintiffs have not explained why Plaintiffs should not be required to give adverse parties the opportunity to respond or appear at a hearing to address the merits of Plaintiff's motion. "Therefore, pursuant to Fed. R. Civ. P. 65, without a showing of harm so imminent such that it would allow no time for Defendants to respond, the instant motion must be denied."[28] For the reasons discussed above, Plaintiffs have failed to show a substantial threat of an imminent irreparable harm before the adverse parties can be heard. Nor have Plaintiffs shown that notice to adverse parties should not be required. Accordingly;

**IT IS ORDERED** that Plaintiff's emergency motion for a temporary restraining order is **DENIED**.

**New Orleans, Louisiana, this 7th day of April, 2020.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 2-1 at 8.
[27] *Progressive Waste Solutions of La, Inc. v. St. Bernard Parish Government*, Civil Action No. 16-8669, 2016 WL 3459888, at *6 (E.D. La. June 24, 2016) (internal quotation marks, brackets, and citations omitted).
[28] *Ducksworth v. Macmurdo*, Civil Action No. 18-CV-01005-BAJ-RLB, 2019 WL 1488394, at *2 (M.D. La. Apr. 4, 2019).

6