UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOUCHARD TRANSPORTATION CO., INC., ET AL.,**<br>    **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 20-1116** |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL.,**<br>    **Defendants** | **SECTION: "E"(1)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants, the United States Department of Homeland Security, Admiral John Nadeau of the U.S. Coast Guard, and Captain Kristi Luttrell of the U.S. Coast Guard (collectively, the "Federal Defendants").[1] Plaintiffs, B. No. 272 Corp., as owner of Barge B. No. 272, Tug Donna J. Bouchard Corp., as owner of the M/V DONNA J. BOUCHARD, and Bouchard Transportation Co., Inc. ("Bouchard Transportation"), filed no opposition to this motion.[2] For the following reasons, the motion, deemed to be a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), is **GRANTED**.

## BACKGROUND

The M/V DONNA J. BOUCHARD and Barge B. NO. 272 (the "Vessels") were arrested on December 18, 2019 by a party in a separate action before this Court, *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666.[3] After the

---

[1] R. Doc. 16. References to "R. Doc. #" refer to dockets filed in this case, *Bouchard Transportation Company, Inc. et al v. Department of Homeland Security et al, case no. 20-1116*, unless specifically noted otherwise.
[2] The deadline to file an opposition was June 12, 2020 at 5:00 p.m. R. Doc. 15 at 1-2.
[3] *See* R. Docs. 8 and 9 filed in *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666.

1

Vessels were seized, Tug DONNA J. BOUCHARD Corp. was substituted as the custodian of the arrested Vessels on January 15, 2020.[4] However, Tug Donna J. Bouchard Corp. lost custody of the Vessels after being given advanced warning and opportunity to address the serious safety and environmental threats posed by the Vessels. Bouchard Transportation was notified by the Coast Guard on February 6, 2020 and again on February 10, 2020 of the risks posed by the Vessels and informed it needed to take actions to eliminate these risks.[5] The Coast Guard assumed custody of the Vessels on February 14, 2020 (the "Federal Assumption"), after the Coast Guard notified Plaintiffs of serious safety and environmental risks posed by the Vessels and Plaintiffs failed to take any actions to eliminate these risks.[6]

On April 6, 2020, Plaintiffs filed the instant lawsuit against the Federal Defendants as well as several additional defendants, ES&H of Dallas, LLC, Yellow Fin Marine Services, LLC, Yellow Fin Marine Consultants, LLC, and Fourchon Shorebase LLC,[7] asking the Court to require Defendants to allow Plaintiffs' crew aboard the Vessels so that, with Coast Guard approval, Plaintiffs could regain control of the Vessels.[8] On that same day, Plaintiffs filed an Emergency Motion for Temporary Restraining Order,[9] seeking "a temporary restraining order to enjoin the Defendants from prohibiting Plaintiffs' crew from manning the M/V DONNA J. BOUCHARD and Barge B. NO. 272 (the "Vessels") in order to prepare the Vessels for a United States Coast Guard ("USCG") inspection, a

---

[4] *See* R. Doc. 19 filed in *E.N. Bisso & Son, Inc. v. Donna J. Bouchard M/V et al*, civil action case no. 19-14666.
[5] R. Doc. 2-2 at 1 (Letter from Captain Kristi M. Luttrell of the U.S. Coast Guard, Captain of the Port of New Orleans).
[6] *Id*.
[7] R. Doc. 1.
[8] *Id*. at ¶¶ 28, 31, 35-37, 42, 46.a-46.d.
[9] R. Doc. 2.

necessary step for the release of the Vessels from Federal Assumption."[10] Plaintiffs asserted "[a] stalemate has arisen, as the Coast Guard will not release the Vessels from the Federal Assumption until they are adequately manned and pass inspection, and [the Coast Guard's contractors] will not allow the crew to board the Vessels until after the Vessels are released from the Federal Assumption."[11] On April 7, 2020, the Court denied Plaintiff's Emergency Motion for Temporary Restraining Order.[12]

On April 21, 2020, the Coast Guard approved a plan to move the Vessels to Avondale Shipyard near Westwego, Louisiana for additional repairs.[13] By April 24, 2020, both Vessels had been transported to the Avondale Shipyard.[14] On April 27, 2020, Commander Damian Yemma of the U.S. Coast Guard informed Bouchard Transportation the Federal Assumption of the Vessels had been terminated, and fully operational control of the Vessels was returned to Plaintiffs.[15]

On May 26, 2020, after being informed the Federal Assumption of the Vessels had terminated and Plaintiffs made no request for the Court to set a hearing on their request for a preliminary injunction, the Court administratively closed this case.[16] On June 1, 2020, the Federal Defendants filed a Motion to Reopen the case so they could file a motion for summary judgment.[17] On June 10, 2020, the Court granted the Motion to Reopen.[18]

The instant Motion for Summary Judgment was filed into the record on June 11, 2020.[19] Although the Federal Defendants style the motion a "motion for summary

---

[10] R. Doc. 2-1 at 1.
[11] *Id*. at 4.
[12] R. Doc. 6.
[13] R. Doc. 16-3 at ¶ 12 (Declaration of Commander Damian Yemma of the U.S. Coast Guard).
[14] *Id*. at ¶ 13.
[15] *Id*. at ¶ 14.
[16] R. Doc. 11.
[17] R. Doc. 12.
[18] R. Doc. 15.
[19] R. Doc. 16.

judgment," it is in reality a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as the Federal Defendants seek dismissal because this case has been rendered moot by the return of full control of the Vessels to Plaintiffs.[20]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[21] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[22] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[23] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[24] The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[25]

## LAW AND ANALYSIS

"Under Article III of the Constitution, federal courts may adjudicate only actual, *ongoing* cases or controversies."[26] "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and

---

[20] R. Doc. 16-1 at 3-4.
[21] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[22] Fed. R. Civ. P. 12(b)(1).
[23] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[24] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[25] *Id.*
[26] *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (emphasis added).

likely to be redressed by a favorable judicial decision."[27] "Article III denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them,' and confines them to resolving 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"[28] "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]"[29] "To sustain [the Court's] jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed . . . [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit."[30] "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments[.]"[31]

On the record before the Court, the only evidence submitted by Plaintiffs showing their stake in the outcome is the evidence submitted in connection with their Emergency Motion for Temporary Restraining Order establishing that, at the time said motion was filed on April 6, 2020, the Vessels were under control of the U.S. Coast Guard and Plaintiffs' crew was not allowed aboard the Vessels.[32] However, Plaintiffs' stake in the outcome clearly has been mooted by subsequent events. As established by the uncontroverted evidence put forth by the Federal Defendants, on April 27, 2020, the Vessels were released from the Federal Assumption and full control of the Vessels was returned to Plaintiffs.[33] As a result, Plaintiffs will be unable to establish they have a

---

[27] *Id.* (citing *Allen v. Wright*, 468 U.S. 737, 750–751 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471–473 (1982)).
[28] *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).
[29] *Id.*
[30] *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).
[31] *Flast v. Cohen*, 392 U.S. 83, 95 (1968) (citations omitted).
[32] *See* R. Doc. 2-2.
[33] R. Doc. 16-3 at ¶ 14.

5

continued personal stake in the outcome of this lawsuit, thereby rendering any case or controversy in this matter nonjusticiable. Because there is no ongoing case or controversy, the Court lacks jurisdiction over the claims against the Federal Defendants. Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that the Federal Defendants' motion to dismiss Plaintiffs' claim against them for lack of subject matter jurisdiction[34] is **GRANTED**. Plaintiffs' claims against the Federal Defendants are **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 16th day of June, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 16.